**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4730**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

EDGARDO BARRON-ESPINOSA,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:13-cr-00259-F-2)

———————

Submitted:  June 25, 2015          Decided:  June 29, 2015

———————

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stacey A. Phipps, STACEY A. PHIPPS, ATTORNEY AT LAW, P.C., Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgardo Barron-Espinosa pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. The district court sentenced him to 120-months' imprisonment. Barron-Espinosa's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but raising a policy argument as to the disparity in Barron-Espinosa's sentence compared to that of his co-conspirator who, counsel argued, had a higher position in the conspiracy than Barron-Espinosa. Barron-Espinosa filed a pro se supplemental brief challenging the drug quantity attributed to him and the sentencing enhancements imposed for a supervisory role and for maintaining a premises for drug trafficking. Concluding that the district court did not err, we affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, the court examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. A district court must conduct

an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

The district court appropriately determined that Barron-Espinosa was responsible for the distribution of 24 kilograms of cocaine based on his admissions and his stipulation in the plea agreement that he was attributable with at least 15 but not more than 150 kilograms of cocaine. The court properly increased Barron-Espinosa's offense level based on his possession of a firearm, U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2013); his supervisory role based on his recruiting two persons and directing their activities, USSG § 3B1.1(c); and maintaining a premises for the purpose of drug trafficking, USSG § 2D1.1(b)(12). Applying the new drug table per the Government's stipulation and reducing Barron-Espinosa's offense level for acceptance of responsibility, the district court correctly computed Barron-Espinosa's advisory Guidelines range as 168 to 210 months. After considering the Government's motion and the relevant sentencing factors in 18 U.S.C. § 3553(a) (2012), the court imposed a 120-month sentence.

Counsel suggests that the sentence imposed is procedurally unreasonable because it resulted in sentence disparity between Barron-Espinosa and his co-conspirator. See 18 U.S.C. § 3553(a)

3

(2012) (requiring court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Although the court did not explicitly address this sentencing disparity argument, the court thoroughly explained its reasons for the sentence imposed and did not commit procedural error. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (court need not "robotically tick through § 3553(a)'s every subsection").

We conclude that the court adequately explained its reasons for the sentence imposed and that 120-month sentence is not unreasonable and not an abuse of discretion. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range); see also Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Barron-Espinosa's conviction and sentence. This court requires that counsel inform Barron-Espinosa, in writing, of the right to petition the Supreme Court of the United States for further review. If Barron-Espinosa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

4

withdraw from representation. Counsel's motion must state that a copy thereof was served on Barron-Espinosa. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED